*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0153p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-1427

NATHAN DOTZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 03-80471—George C. Steeh, District Judge.

Argued: April 25, 2006

Decided and Filed: May 8, 2006

Before: SUHRHEINRICH, GILMAN, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** David C. Tholen, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Jennifer Peregord Sinclair, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** David C. Tholen, FEDERAL PUBLIC DEFENDERS OFFICE, Detroit, Michigan, for Appellant. Jennifer Peregord Sinclair, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

RONALD LEE GILMAN, Circuit Judge. Nathan Dotz pled guilty to possessing trifluoromenthylphenyl piperazine (TMFPP), a Schedule I narcotic, with the intent to distribute, and to possessing cocaine. The district court sentenced Dotz in January of 2005. Dotz timely filed a motion to correct his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, which the district court denied. Although the initial period for filing a notice of appeal had expired, Dotz later moved for an extension of time to file a notice of appeal, claiming that his Rule 35 motion extended the initial filing period and that he was entitled to an additional extension for excusable neglect. The district court denied Dotz's motion. On appeal, Dotz argues that the district court erred in failing to extend the time for filing a notice of appeal. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

1

# I. BACKGROUND

In June of 2003, Dotz was indicted on two charges: a felony count of possessing TMFPP with the intent to distribute and a misdemeanor count of possessing cocaine. Dotz pled guilty without the benefit of a plea agreement. He later sought a downward departure based on his acceptance of responsibility and because his criminal behavior was "aberrant."

After Dotz pled guilty, the following events transpired:

January 6, 2005:

The district court sentenced Dotz to 46 months of incarceration, 3 years of supervised release, and a special assessment of $125.

January 12, 2005:

• The judgment was entered on the docket.

• *United States v. Booker*, 125 S. Ct. 738 (2005), was decided, holding that the United States Sentencing Guidelines were advisory only.

January 13, 2005:

Dotz filed a motion to correct his sentence pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, which allows the district court to correct arithmetical, technical, or clear sentencing errors.

February 17, 2005:

The district court entered an order denying Dotz's 35(a) motion, holding that Dotz had failed to demonstrate that the district court had committed an error in sentencing.

March 18, 2005:

Dotz filed a motion to extend the time in which to file his notice of appeal. In this motion, Dotz argued that the district court should find that his delay in filing constituted excusable neglect. For support of this proposition, Dotz explained that after reporting to prison on February 28, 2005, he was unable to reach his counsel by telephone to indicate his desire to appeal. *Id*. Dotz sent his lawyer a letter soon thereafter, but his lawyer was on vacation and did not read the letter until March 16, 2005. A motion to extend the time to file pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure was filed two days later. This rule permits the district court to extend the deadline for up to 30 days beyond the usual 10-day filing period.

March 22, 2005:

The government filed a response to Dotz's motion, arguing that Dotz had failed to demonstrate excusable neglect. It also claimed that Dotz's filing period, as measured from the date of entry of judgment, had expired in January.

March 28, 2005:

• Dotz filed a reply to the government's response. In this reply, Dotz argued that his Rule 35 motion filed on January 13, 2005 should be construed as a motion to reconsider or rehear his case. A motion to reconsider or rehear delays the period for filing a notice of appeal and, according to Dotz, the filing period should therefore be measured from February 17, 2005, the date that the

district court disposed of his motion.  If so calculated, *and assuming that Dotz demonstrated excusable neglect*, then his motion to extend was filed within the 40-day window permitted by Rule 4(b) of the Federal Rules of Appellate Procedure.

•        The district court entered an order denying Dotz's motion.  It rejected Dotz's claim that his Rule 35 motion extended the filing period, and thus held that Dotz's motion was untimely because it sought an extension of time beyond that authorized by Rule 4(b).  The district court further reasoned that even if Dotz's motion were timely, his enumerated excuses for the delay in filing a notice of appeal did not constitute excusable neglect.

March 30, 2005:

In an amended order, the district court construed Dotz's Rule 35 motion as one to reconsider or rehear, which had the effect of suspending the filing period.  The court then calculated the applicable filing period from February 17, 2005, the date of the order denying Dotz's Rule 35 motion.  Because Dotz had not filed a notice of appeal or a motion to extend time within 10 days after February 17, 2005, however, and because Dotz had not shown excusable neglect or good cause for failing to do so, the district court again denied Dotz's motion for an extension of time.

Dotz now appeals.  He contends that the district court erred in refusing to extend the time period for filing a notice of appeal.

## II.  ANALYSIS

### A.        Applicable timelines under the Federal Rules of Appellate Procedure

Rule 4(b) of the Federal Rules of Appellate Procedure specifies the time within which a criminal defendant must file his notice of appeal.  The rule gives the defendant 10 days to file after the judgment or order of the district court is entered.  Fed. R. App. P. 4(b)(1)(A)(i).  This 10-day rule, however, is not absolute.  Rule 4(b)(4) provides for an extension as follows:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed [by this rule].

Interpreting the excusable neglect/good cause portion of the rule, this court has held that "a district court has the discretion to consider a motion to extend the time for appeal beyond the 10-day deadline *if and only if* it is filed within 30 days after the 10-day deadline, or 40 days from the date of entry of judgment."  *United States v. Tarrant*, 158 F.3d 946, 947 (6th Cir. 1998) (emphasis in original).  This court has made clear that a document that clearly indicates an intent to appeal may suffice as notice, so long as it filed within the 40-day window and contains most of the necessary elements required for a formal notice of appeal as specified in Rule 3 of the Federal Rules of Appellate Procedure.  *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) (treating a motion for an extension of time as a notice of appeal where it was timely filed and indicated a clear intent to appeal).

The time limit specified in Rule 4(b) is both mandatory and jurisdictional.  *United States v. Hatfield*, 815 F.2d 1068, 1073-74 (6th Cir. 1987).  In other words, "[a]bsent an appeal within this time, or an extension from the district court for filing the notice of appeal, this court, being without authority to extend the time for filing a notice of appeal, will lack jurisdiction to hear the appeal."  *Id.* at 1073.  Decisions of the district court denying a motion to extend the time to file a notice of appeal are subject to review under the abuse-of-discretion standard.  *Marsh v. Richardson*, 873 F.2d

129, 130 (6th Cir. 1989) (dismissing an appeal because the defendant had failed to demonstrate either excusable neglect or good cause).

In the present case, Dotz's sentence was entered on January 12, 2005. His normal 10-day appeal period prescribed by Rule 4(b)(1)(A)(i) expired on January 27, 2005. *See* Fed. R. App. P. 26 (setting forth the criteria for computing periods of time that take into account weekends and holidays). The 30-day maximum extension, if granted for excusable neglect or good cause, would have expired on February 28, 2005. *See id.* Therefore, in the ordinary course of events, Dotz should have either indicated his clear intent to appeal before January 27, 2005 or, if he could demonstrate excusable neglect or good cause, evidenced his intent to appeal before February 28, 2005.

Dotz argues, however, that his motion to correct sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure extended the time for filing his notice of appeal until the court disposed of that motion on February 17, 2005. He makes this argument even though Rule 4(b)(5) of the Federal Rules of Appellate Procedure explicitly provides that "[t]he filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction." To get around Rule 4(b)(5), Dotz urges us to construe his Rule 35 motion as a motion to reconsider, and he correctly notes that the Supreme Court has held that a motion for rehearing or for reconsideration extends the time for filing a notice of appeal. *See United States v. Ibarra*, 502 U.S. 1, 6-7 (1991) (holding that a motion for reconsideration extends the filing period); *United States v. Dieter*, 429 U.S. 6, 8-10 (1976) (holding that a motion to set aside an order extends the filing period); *United States v. Healy*, 376 U.S. 75, 78-79 (1964) (holding that the filing period begins to run from the date of the denial of rehearing rather than the date of entry of judgment). *Healy* and its progeny hold that certain post-judgment motions "render[] an otherwise final decision of a district court not final," primarily because district courts should have the opportunity to promptly correct their own alleged errors. *Ibarra*, 502 U.S. at 6 (discussing *Healy*, 376 U.S. 75, and *Dieter*, 429 U.S. at 8).

Although not explicitly styled as such, Dotz argues that his Rule 35 motion was equivalent to a motion for reconsideration. This would mean that the filing period did not begin to run until February 18, 2005—the day after the district court denied his Rule 35 motion. In its amended order, the district court agreed with Dotz's characterization.

Dotz's motion for an extension of time to appeal was filed on March 18, 2005, which was 24 days after the district court denied his Rule 35 motion and 50 days after the original judgment was entered. Dotz contends that his Rule 35 motion should be deemed to suspend the time to file, thus rendering his motion timely because it was filed within the 40-day limit allotted in cases of excusable neglect or good cause. In order for Dotz to prevail, therefore, he must demonstrate that: (1) the district court properly construed his Rule 35 motion as a motion to reconsider, (2) the filing period was suspended until the district court disposed of the motion, and (3) he demonstrated excusable neglect to justify an extension beyond the 10-day filing period initially provided by Rule 4(b). Regardless of how Dotz's motion is characterized, then, we are without jurisdiction to hear Dotz's appeal unless he demonstrated excusable neglect. We therefore turn to this argument.

## B.      Dotz's inability to demonstrate excusable neglect

Dotz claims that after reporting to prison on February 28, 2005, he was unable to reach his counsel by phone because he was "unfamiliar with prison policies and his ability to access his attorney. . . ." When Dotz ultimately sent a letter to his counsel's office, it was not read until the attorney returned from a vacation on March 16, 2005. Whether these circumstances constitute excusable neglect, as Dotz contends, is an issue we review under the abuse-of-discretion standard.

The definition of excusable neglect includes "both simple, faultless omissions to act and omissions caused by carelessness." *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996) (holding that "[i]f no excusable neglect is shown, the extension cannot be granted") (interpreting the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993)). After considering Dotz's excuses for his delay, the district court held that even if the time period were measured from February 17, 2005, the day the court disposed of Dotz's Rule 35 motion, Dotz had failed to demonstrate excusable neglect because he had 11 days to indicate his intent to appeal before he reported to prison on February 28, 2005. The district court therefore denied his motion for an extension of time to file a notice of appeal. We conclude that the court was well within its discretion in denying Dotz's motion. The failure of Dotz to demonstrate excusable neglect renders consideration of the other issues raised unnecessary.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.