*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0395p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

PAMELA ABBETT NICHOLSON,

        *Plaintiff-Appellant,*

    *v.*

No. 06-1358

THE CITY OF WARREN,

        *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-74021—Robert H. Cleland, District Judge.

Submitted: October 23, 2006

Decided and Filed: October 25, 2006

Before: MARTIN and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

---

**COUNSEL**

**ON BRIEF:** Lauren M. Donofrio, KITCH, DRUTCHAS, WAGNER, DeNARDIS & VALITUTTI, Mt. Clemens, Michigan, for Appellee. Pamela Abbett Nicholson, Center Line, Michigan, pro se.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge. Pamela Abbett Nicholson, a Michigan citizen, moves for miscellaneous relief and appeals pro se a district court order denying her motion for an extension of time to appeal in an action filed pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Nicholson filed this action against the city of Warren, Michigan, alleging that she had been injured when her wheelchair was not properly secured in a transportation van provided by defendant. The district court dismissed the complaint on January 26, 2004, and denied Nicholson's motion for reconsideration on February 13, 2004. On March 29, Nicholson filed a motion which was construed in part as a request for an extension of time to file a notice of appeal, as well as a notice of appeal.

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The district court denied the motion for an extension as untimely, and Nicholson appealed. In Case No. 04-1726, we concluded that the motion had not been untimely, and remanded the matter for the district court to consider whether Nicholson had established good cause or excusable neglect to allow an extension. On remand, the district court denied the motion for an extension on the merits.

In her brief on appeal, Nicholson raises four arguments: 1) because her motion also contained a request for the appointment of counsel, she believed that the case would be tolled while the motion was pending; 2) the district court should have held a hearing on remand; 3) a letter from the judge's chambers returning correspondence not related to a pending case indicates bias by the judge; and 4) the district court violated the ADA by denying her access to the court based on her disability. She has also filed a motion to use the fictitious name "Ada Traveler" in this appeal.

An order denying an extension of time to file a notice of appeal is reviewed for an abuse of discretion. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999). Upon review, we find no abuse of discretion in this case.

Nicholson was required to demonstrate good cause or excusable neglect to merit an extension of time to file a notice of appeal. Fed. R. App. P. 4(a)(5). Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal. *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). To this end, Nicholson argued in her motion that she was under stress and had an allergic reaction to medication which required emergency room treatment. The district court properly noted that, while lengthy incapacitating illness might constitute good cause, Nicholson gave no details of the duration of her medical treatment which would indicate that she had been unable to file a notice of appeal within thirty days of the court's order.

Excusable neglect has been held to be a strict standard which is met only in extraordinary cases. *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). In her motion, Nicholson argued that she was unsure whether she had thirty or sixty days to appeal, because the defendant was a government entity, but not a federal government entity. Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Furthermore, mistakes by those who proceed without counsel are not necessarily excusable. *McNeil v. United States*, 508 U.S. 106, 113 (1993). Therefore, the district court did not abuse its discretion in concluding that Nicholson had demonstrated neither good cause nor excusable neglect in order to be entitled to an extension of time to appeal.

The arguments raised by Nicholson on appeal are totally without merit. She argues that she thought the case would be tolled because her motion also included a request for the appointment of counsel, and the case had been tolled earlier while pro bono counsel was sought. However, this argument is irrelevant, as Nicholson filed a notice of appeal contemporaneous with the motion, which was already untimely. Tolling at that point would not have rendered her appeal timely.

Next, Nicholson argues that the district court should have held a hearing on remand, but she points to no authority for requiring a hearing to decide a discretionary motion in which the facts asserted by Nicholson were presumed true. Nicholson also submits a letter she received from the judge's chambers returning correspondence to her that was not related to any pending case. This letter was entirely proper and does not indicate bias on the judge's part, as argued by Nicholson. Finally, Nicholson contends that the district court violated the ADA by denying her access to the court based on her disability. The issue on appeal is whether the district court abused its discretion in denying Nicholson's motion for an extension of time to appeal. The district court addressed the motion on its merits, and nothing supports Nicholson's assertion that it was denied due to her disability.

Furthermore, there is no apparent reason for Nicholson's motion to use a fictitious name at this point in the proceedings, where she has used her own name in the district court and in her earlier appeals to this court.

Therefore, the motion for miscellaneous relief is denied, and the district court's order is affirmed.  Rule 34(j)(2)(C), Rules of the Sixth Circuit.