NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0248n.06

No. 10-1141

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

        v.

RAY CHARLES FREDERICK,

    Defendant-Appellant.

**FILED**
**Apr 19, 2011**
LEONARD GREEN, Clerk

On Appeal from the United
States District Court for the
Western District of Michigan
at Grand Rapids

**Before:**     **GUY, COOK, and STRANCH, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant Ray Charles Frederick appeals from the district court's denial of his motion to extend the time for filing a notice of appeal following his plea-based conviction and sentence on one count each of identity theft and mail fraud. After review of the record and consideration of the arguments presented on appeal, we find no abuse of discretion and affirm.

## I.

In February 2009, defendant was charged in a three-count indictment with identity theft, aggravated identity theft, and mail fraud. *See* 18 U.S.C. § 1028, § 1028A, and § 1341. The indictment alleged that between 2004 and 2008, defendant knowingly used means of identification, including names and social security numbers, of more than 100 other

individuals in preparing 273 fraudulent applications for the Michigan Homestead Property Tax Credit. Those applications were mailed to the State of Michigan Department of Treasury and resulted in 238 payments, totaling approximately $135,114, which were received by the defendant and deposited into an account controlled by him.

On July 24, 2009, shortly before trial was scheduled to begin, defendant pleaded guilty to counts 1 and 3, only, in exchange for dismissal of count 2 and a two-level reduction in the offense level for acceptance of responsibility. The Plea Agreement also included a waiver of the right to appeal except in limited circumstances. After reviewing the presentence report, the district court gave notice of its intention to consider an upward departure from the applicable guidelines range of 51 to 63 months. Defendant, through counsel, filed a response to that notice, while the government filed its own motion seeking an upward departure or variance. Defendant also filed a motion to withdraw his guilty pleas, which was denied prior to sentencing.

At the sentencing hearing held on December 15, 2009, the district court found that an above-guidelines sentence was warranted and imposed concurrent 72-month terms of imprisonment. Defendant was advised that he had a limited right to appeal, and was told that he would have 10 days from the entry of judgment to do so. In fact, an amendment to Fed. R. App. P. 4(b)(1)(A), which became effective December 1, 2009, changed the time for filing an appeal from a 10-day period excluding intermediate Saturdays, Sundays, and holidays, to a 14-day period that did not exclude intermediate Saturdays, Sundays, and holidays. Defendant was given the papers necessary to effect an appeal, but told defense counsel that

he did not wish to appeal.

There was a delay in the entry of judgment until Wednesday, December 23, 2009. Because defense counsel's office was closed on December 24 and 25 for the Christmas holiday, the judgment was not mailed to defendant until Monday, December 28, 2009. In a letter that accompanied the judgment, counsel advised the defendant, albeit incorrectly, that the time to file a notice of appeal would expire on Monday, January 4, 2010. Counsel also reminded defendant that he could either file the notice himself or instruct counsel to do so. Defense counsel's office was closed on New Year's Day, Friday, January 1, but was open on Monday, January 4, 2010.[1]

Defendant, having changed his mind about appealing, sent a letter to defense counsel requesting that a notice of appeal be filed. Defendant's letter, however, was dated Saturday, January 9, 2010, postmarked Tuesday, January 12, 2010, and received by counsel on Thursday, January 14, 2010. There is no dispute that, whether calculated under the old or new rule, the time for filing a notice of appeal had expired before defendant even wrote the letter to his attorney. On January 21, 2010, defense counsel filed a motion seeking an extension of time to appeal. Defendant, through counsel, argued that the long holiday weekends left defendant with limited time to review the judgment and discuss an appeal with defense counsel. The district court denied defendant's motion on January 27, 2010, and this timely appeal followed.

---

[1]Defense counsel stated that *if* the defendant had attempted to call while the office was closed, he would *not* have been able to leave a message. There was no claim, however, that defendant had called or attempted to call his attorney at any time to request that a notice of appeal be filed.

## II.

The time period within which a criminal defendant must file a notice of appeal is mandatory and jurisdictional. *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006). As amended, Fed. R. App. P. 4(b)(1)(A) provides that a criminal defendant's notice of appeal must be filed within 14 days after the later of either the entry of the judgment or order being appealed from, or the filing of the government's notice of appeal. Failure to file a timely notice of appeal deprives this court of jurisdiction absent the district court's extension of the time to appeal. *Dotz*, 455 F.3d at 647.

The district court may extend the time for filing a notice of appeal in a criminal case upon a finding of "excusable neglect" or "good cause," Fed. R. App. P. 4(b)(4). The denial of a motion for extension of time to appeal is reviewed for abuse of discretion. *Dotz*, 455 F.3d at 647; *see also Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). A district court abuses its discretion when it relies on clearly erroneous factual findings, improperly applies the law, or employs an erroneous legal standard. *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004).

"Good cause" will be found to exist only when forces beyond the control of the defendant prevent him from filing a timely notice of appeal. *Nicholson*, 467 F.3d at 526. As the district court found, however, there is no suggestion in the record that defendant was prevented from filing a timely appeal by forces beyond his control. Neither the five-day delay in mailing the judgment to him, nor the two long holiday weekends prevented defendant from filing a timely notice of appeal. Defense counsel speculates that the

judgment was probably received at the institution on December 30, but there is simply no indication in the record as to when defendant received the judgment.

The Supreme Court has interpreted the term "excusable neglect" in the context of a motion for extension of time under Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, explaining that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 388 (1993). The Supreme Court has also suggested that this analysis applies to a criminal defendant's motion to extend the time to appeal under Fed. R. App. P. 4(b). *See Stutson v. United States*, 516 U.S. 193, 195-97 (1996) (rejecting view that a stricter rule should apply in a criminal case).

The Court in *Pioneer* identified the following factors to be balanced in determining whether there was excusable neglect: (1) the danger of prejudice to the nonmoving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay, including whether the delay was within the reasonable control of the moving party; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395; *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (addressing Fed. R. Civ. P. 6(b)). Having recognized these factors as the governing legal standard, the district court reasoned as follows:

> To the extent Defendant contends that counsel's delay in mailing the judgment or counsel's unavailability to consult with Defendant is neglect, Defendant offers no evidence to suggest that this neglect had a meaningful effect on Defendant's failure to comply with the deadline. Defendant does not

indicate when he finally received notice of the judgment, and there is no indication that he made any attempt to contact his counsel during the period in which counsel was unavailable, or at any other time before the deadline, in order to notify counsel that he was considering an appeal. Counsel allegedly mailed a copy of the judgment to Defendant on December 28 and Defendant mailed a letter to counsel on January 12, but Defendant offers no explanation for the two-week delay in response.

While it appears that Defendant did not have an opportunity to consider the judgment for a full fourteen days as a result of a delay in his receipt of it, other courts have noted that "[f]iling a notice of appeal does not require much time or deliberation." *Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) (cited in *Marsh v. Richardson*, 873 F.2d 129, 131 (6th Cir. 1989)). Thus, an attorney's lack of time to file a notice has been held to be insufficient as a basis for excusable neglect. *Id.*; *Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989). The judgment itself did not provide any substantial additional information for Defendant to consider that was not already known to Defendant at the time of his sentencing. Moreover, the five-day delay in mailing the judgment to Defendant does not explain Defendant's delay of more than five days after the January 6 deadline (more than a week after the January 4 deadline communicated to Defendant) to attempt to contact his counsel.

Thus, while the government's lack of opposition to the motion suggests a lack of prejudice to the government, and while the length of delay is not substantial, the facts available to the Court suggest that the failure to file a timely notice of appeal was the result of a lack of diligence on Defendant's part, despite his awareness of the filing deadline. *See Marsh*, 873 F.2d at 131 (upholding denial of extension of time where circumstances indicated "inadvertence arising from lack of diligence"); *cf. United States v. Houser*, 804 F.2d 565, 569 (9th Cir. 1986) ("Excusable neglect is shown when the appellant has done 'all he could do under the circumstances' to perfect an appeal within the time prescribed by the rules."). Considering the factors in *Pioneer*, and the Sixth Circuit's admonition in *Marsh* and *Nicholson* that excusable neglect is found only in "extraordinary" cases, the Court cannot conclude that Defendant's failure to file a timely notice of appeal resulted from excusable neglect for which the Court can grant an extension of time.

For these reasons, the district court denied defendant's motion for an extension of time to

appeal.

Defendant takes issue with the district court's statement that the filing of a notice of appeal does not require much time or deliberation, arguing that the defendant was an unsophisticated client with only one prior experience with the federal judicial system. Yet, defendant was no stranger to the state system and the underrepresentation of his criminal history was part of the reason for the above-guidelines sentence. Moreover, as the district court noted, there is no suggestion that the judgment provided additional information that was not known at the time of sentencing. Defendant also questions whether it is preferable to encourage criminal defendants to file a notice of appeal before they have decided whether to pursue an appeal. Whatever additional filing burden might result, an extension cannot be based on excusable neglect whenever a defendant has not decided quickly enough that he wants to pursue an appeal. *See United States v. Williams*, 166 F.3d 1216 (6th Cir. 1998) (table) (holding that to accept a defendant's belated decision to appeal because he was dissatisfied with the BOP designation would be an unwarranted expansion of the already liberal definition of excusable neglect). Defendant has made no claim for an extension based on "good cause," and the district court did not abuse its discretion in finding that an extension was not warranted on the grounds of "excusable neglect."

**AFFIRMED**.