**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0816n.06

No. 10-1836

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

*Dec 07, 2011*

LEONARD GREEN, Clerk

LINDA E. HOUSEHOLDER,            )
                                 )
**Plaintiff-Appellant,**         )
                                 )     **ON APPEAL** FROM THE UNITED
                                 )     STATES DISTRICT COURT FOR
v.                               )     THE WESTERN DISTRICT OF
                                 )     MICHIGAN
                                 )
HASTINGS MUTUAL INSURANCE        )
COMPANY,                         )             **O P I N I O N**
                                 )
**Defendant-Appellee.**          )

**BEFORE: NORRIS, SUTTON, and GRIFFIN, Circuit Judges.**

**PER CURIAM.** Linda Householder filed this action against her former employer, Hastings

Mutual Insurance Company. Her complaint alleges that she was terminated from her employment

with the defendant in retaliation for taking leave under the Family and Medical Leave Act. 29

U.S.C. § 2601. The district court granted summary judgment to defendant on December 15, 2009.

Thirty days later, on January 14, 2010, the plaintiff's attorney sought to electronically file

Householder's notice of appeal. He was unable to do so because he was not admitted to the bar in

the Western District of Michigan, a requirement for electronic filing in the district. Upon

discovering that he was not eligible to electronically file, counsel contacted the district court, and

was allegedly told by a clerk that the court would accept a paper filing, and that if the notice of

1

appeal and the fees arrived the next day, January 15, they would be considered timely. Counsel sent the notice of appeal via Federal Express, and it arrived at the district court on January 15, thirty-one days after the district court granted summary judgment against Householder. Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107(a) establish that a notice of appeal must be filed within 30 days after entry of the appealed judgment or order.

On appeal, this court issued an order directing the plaintiff to show cause why her appeal should not be dismissed for lack of jurisdiction. However, we remanded the case to the district court "for the limited purposes of considering the plaintiff's [response to the show cause order] as a motion for an extension of time to appeal and ruling on the same." On remand, the district court denied the motion for an extension of time and the plaintiff's motion for reconsideration.

The panel has had the opportunity to consider the arguments advanced by the parties and to conduct our own independent review of the record on appeal. The district court entered Orders on April 21, 2010, and May 26, 2010, which explain in detail why it denied plaintiff's motions for extension of time to appeal and for reconsideration. We agree with the reasoning of the district court and, finding no abuse of discretion, affirm on that basis. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

The judgment is **affirmed**.