NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1073n.06

Nos. 11-3977/4170

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Oct 12, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID DOUGLAS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOHN SWING, in his individual and official | ) | COURT FOR THE |
| capacity as a patrolman with the Miami Township | ) | SOUTHERN DISTRICT OF |
| Police Department; MIAMI TOWNSHIP; BOB | ) | OHIO |
| WEST, in his individual and official capacity as a | ) | |
| patrolman with the Milford City Police | ) | |
| Department; CITY OF MILFORD; MELISSA | ) | |
| WAHLERT, in her individual and official capacity | ) | |
| as a patrolman with the Miami Township Police | ) | |
| Department, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: BATCHELDER, Chief Judge; KEITH and MARTIN, Circuit Judges.

PER CURIAM. David Douglas, who is represented by counsel, appeals a district court judgment in Case No. 11-3977 dismissing his civil rights action filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1988. He also alleged supplemental state law claims of malicious prosecution, false arrest, and false imprisonment. In Case No. 11-4170, Douglas appeals the district court's order denying his motion for an extension of time in which to file a notice of appeal. The appeals have been consolidated.

On January 16, 2009, between midnight and 1 a.m., Douglas arrived at his home only to discover that a police car engaged in a traffic stop of another vehicle was blocking the entrance to his driveway. Douglas drove his van between the back of the stopped vehicle and the front of the police car, over the curb and sidewalk, and through the front yard to his driveway, while yelling at the police officer, who was standing next to the stopped car. The police officer walked over to Douglas's now parked van and the two men had a further verbal altercation. The police officer told Douglas that he was under arrest for obstructing official business, but Douglas refused to be handcuffed and instead went back into his van. The police officer called for assistance. Another officer arrived at the scene and assisted in removing Douglas from the van and handcuffing him. A third officer also responded and arranged for the van to be towed. Douglas was subsequently tried before a jury on charges of resisting arrest, assault, and obstructing official business. The trial judge dismissed the resisting arrest charge. The jury found Douglas not guilty of the assault charge, but could not reach a verdict on the obstructing official business charge. Douglas later entered a guilty plea to a reduced charge of driving on the sidewalk.

In his complaint, Douglas sued the three police officers who arrested him and the two municipalities that employed them, raising numerous claims, including excessive force; retaliation for the exercise of his First Amendment rights; unlawful arrest, search, and imprisonment; and malicious prosecution. The defendants moved for summary judgment. The district court granted summary judgment to the defendants in a judgment entered on August 10, 2011. On September 12, 2011, Douglas filed a motion for an extension of time to file an appeal and a notice of appeal. The district court subsequently denied the motion for an extension of time.

Nos. 11-3977/4170
*Douglas v. Swing, et al.*

Federal Rule of Appellate Procedure 4(a)(5) allows a district court to extend the time to appeal upon a motion filed not later than thirty days after the expiration of the time for filing a notice of appeal, on a showing of excusable neglect or good cause. The motion for an extension in this case was timely filed. A ruling on a motion for an extension of time to appeal is reviewed for an abuse of discretion. *Barnes v. Cavazos*, 966 F.2d 1056, 1061 (6th Cir. 1992). A showing of good cause requires a demonstration that forces beyond the control of the appellant prevented him from filing a timely notice of appeal. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). In this case, counsel argued that he miscalculated the date for filing the notice of appeal and that Douglas did not pay a retainer until after the time for the appeal had expired. Both of these reasons were entirely within the control of Douglas and his counsel. Therefore, these reasons do not establish good cause to extend the appeal period. Excusable neglect is a strict standard that will be found only in extraordinary cases. *Id.* Miscalculation of the filing deadline does not constitute excusable neglect. *Barnes*, 966 F.2d at 1061–62. Moreover, the district court did not abuse its discretion in concluding that counsel's failure to receive a retainer did not excuse his neglect in failing to file a timely notice of appeal.

The district court's denial of the motion for an extension of time to file a notice of appeal in Case No. 11-4170 is affirmed. Case No. 11-3977 is dismissed for lack of jurisdiction because Douglas's notice of appeal regarding the district court's underlying judgment is late. *See* Fed. R. App. P. 4(a) and 26(a).