NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0420n.06

Case No. 18-1019

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Aug 17, 2018

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| GLENN GEORGE DOUGLAS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SUHRHEINRICH, MOORE, and BUSH, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.**  Glenn George Douglas appeals from an order denying his motion for an extension of time to appeal a judgment revoking his supervised release.  After reviewing the record and considering the arguments presented on appeal, we find no abuse of discretion and affirm.

I.

In February 2014, Douglas pleaded guilty to interstate transportation of a stolen motor vehicle.  He was sentenced to 26 months in prison followed by three years of supervised release.

Douglas's supervised release began in June 2016, but his restricted freedom did not last long.  A little over a year after his release from prison, Douglas's probation officer reported him for committing several violations of the terms of his supervised release.  And on September 20, 2017, the district court held a hearing on whether to reincarcerate Douglas.  After the hearing,

Douglas admitted one of the supervised-release violations, and the district court found Douglas guilty of the others. The court then sentenced Douglas to twenty-four months in custody and ordered him to report to the marshal to begin serving his sentence in five days. The court also advised Douglas that he had a right to appeal for which notice of appeal would have to be filed within the next fourteen days. A judgment was entered on September 21, 2017, and Douglas reported to jail on September 25, 2017.

About a month later, Douglas mailed a letter from the Bureau of Prisons facility at Milan, Michigan ("BOP Milan") to the clerk's office of this court. Although the letter requested "an extension to appeal," the clerk construed it as a notice of appeal and forwarded it to the district court under Federal Rule of Appellate Procedure 4(d). R.18, Letter, Page ID# 38–41.

After Douglas's appointed counsel withdrew from the case, Douglas's new counsel moved in the district court for an extension of time to file the notice of appeal. In the motion, Douglas's counsel argued that Douglas was unable to file a notice of appeal within fourteen days of the entry of judgment "[b]ecause of the loss of his legal paperwork in the transition from various detention facilities." The district court denied the extension motion, holding that Douglas had not shown either excusable neglect or good cause. The district court summarized: "While he may have lost some papers, [Douglas] does not specify why he was unable to draft another form or, as he eventually submitted, a freehand letter indicating his intent to appeal, and procure postage by October 5, 2017 [i.e., the deadline for his filing a notice of appeal]."

Douglas appealed the district court's denial of his motion.

## II.

After the district court enters a judgment or order, a criminal defendant ordinarily has fourteen days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). The district court may extend this deadline by thirty days if it finds "excusable neglect or good cause." Fed. R. App. P.

2

4(b)(4). The appellant must establish the existence of one of those conditions. *See United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996).

When a district court denies a motion to extend the time to file a notice of appeal, we review for an abuse of discretion. *See Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). Under this deferential standard of review, we will affirm unless the district court's decision "rests on the wrong legal standard, a misapplication of the correct standard, or on clearly erroneous facts." *United States v. Gibbs*, 797 F.3d 416, 422 (6th Cir. 2015) (citation omitted).

III.

Douglas argues that he showed good cause for his failing to submit his notice of appeal on time, and so the district court abused its discretion in denying his extension motion. He asserts two reasons for his delay: (1) he lost his legal paperwork while he was transferred from jail to prison, and (2) he lacked access to materials necessary for mailing an appeal while he was in jail. After reviewing the record, we find no abuse of discretion in the district court's denial of Douglas's extension motion.

To show good cause for his tardiness, Douglas had to establish that forces beyond his control "prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). As the district court properly noted, Douglas's loss of legal paperwork does not constitute such a force because it did not prevent him from appealing. Indeed, a notice of appeal requires no legal form. *See United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006) ("This court has made clear that a document that clearly indicates an intent to appeal may suffice as notice." (citation omitted)). Douglas could have appealed by simply writing a letter. And in fact, when he eventually appealed, that's just what he did. Thus, the district

court did not abuse its discretion in holding that Douglas's having lost his paperwork did not constitute good cause for his delay.

Nor are we convinced by Douglas's reliance on his lack of mailing resources while in jail. For starters, Douglas was "granted a short period of time to organize his affairs" and did not report to jail until five days after his sentencing hearing. *See* Appellant's Br. at 6. So he had five days before being incarcerated during which he could have filed his notice of appeal. Yet neither his letter asking for an appeal nor the extension motion filed by his counsel provided a reason for his not filing a notice of appeal during this time. Thus, this is not a case in which the moving party's extension motion "indicated a complete inability to file." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 457 (6th Cir. 2014) ("Had her motion for extension of time indicated a complete inability to file due to her medical condition, Proctor would have had a stronger claim that the district court abused its discretion.").

More important, when a moving party contends that a circumstance outside his control prevented him from filing a timely notice of appeal, he must provide details about that prohibitive circumstance. *See Nicholson*, 467 F.3d at 526. Neither Douglas's original letter nor the extension motion filed by his counsel provided details about why he could not procure postage before the notice-of-appeal deadline of October 5, 2017. Douglas, not the district court, needed to develop the record on this point. And without more development, we find no clear error in the district court's finding that Douglas's delay "was the result of his own lack of diligence." R.23, Order, Page ID# 67; *see Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (cautioning that a finding is "clearly erroneous" only when "the reviewing court on the entire evidence is left with definite and firm conviction that a mistake has been committed").

But even were we to accept Douglas's statement in his appellate brief that he lacked materials necessary to draft and mail an appeal while he was in jail, we still would find no clear error. Douglas never provided the district court with any details about when he was transferred from jail to BOP Milan. That is, Douglas failed to explain how long he was in jail (where he allegedly lacked access to mailing resources) or when he arrived at BOP Milan (where he possessed the requisite resources to file his appeal). Because Douglas argues he lacked mailing resources only while in jail, not while he was at BOP Milan, details about when he was transferred are vital to his good-cause showing. Without that information, we cannot conclude that the district court abused its discretion when it held that Douglas failed to show good cause for his delay. *See Nicholson*, 467 F.3d at 526 (holding that the district court acted within its discretion in denying a motion for extension of time to file a notice of appeal when the moving party "gave no details of the duration of her medical treatment which would indicate that she had been unable to file a notice of appeal within thirty days of the court's order").

As for Douglas's argument that the district court should have held an evidentiary hearing to develop facts related to his reasons for delay, Douglas had the burden of presenting facts sufficient for the district court's good-cause determination. *Thompson*, 82 F.3d at 702. He "points to no authority for requiring a hearing to decide a discretionary motion in which the facts asserted by [him] were presumed true." *Nicholson*, 467 F.3d at 527 (refusing to remand for an evidentiary hearing to glean the details of appellant's reasons for failing to file a timely notice of appeal). Thus, Douglas has shown no entitlement to a hearing.

IV.

We AFFIRM the district court's judgment.