NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0165n.06

No. 25-1277

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TAMRA CULTON,

Plaintiff-Appellant,

v.

UNIFI AVIATION, LLC,

Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

**FILED**
Apr 14, 2026
KELLY L. STEPHENS, Clerk

ON APPEAL FROM UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
MICHIGAN

OPINION

Before: SUTTON, Chief Judge; CLAY and MURPHY, Circuit Judges.

**CLAY, Circuit Judge.** Plaintiff Tamra Culton appeals from the district court's grant of summary judgment to Defendant Unifi Aviation, LLC and denial of her motion for an extension of time to file her notice of appeal in this employment discrimination action brought pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.* For the reasons set forth below, we **AFFIRM** the district court.

## I.  BACKGROUND

Tamra Culton sued Unifi Aviation, LLC, an aviation services contractor, after it terminated her employment with the company. Unifi says it fired Culton, who worked as gate agent on a Unifi contract with Delta Airlines, because she repeatedly violated Delta's facemask policy and Unifi's social media policy. Culton claims that Unifi actually fired her because she wore facemasks depicting the Black Lives Matter logo and the LGBTQ+ pride flag. Her complaint alleged discrimination, retaliation, and a hostile work environment under Title VII, 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

The district court entered summary judgment for Unifi on September 27, 2024, dismissing all of Culton's claims with prejudice. Culton then timely filed a Rule 59(e) motion for reconsideration on October 25, 2024, which the district court denied on January 24, 2025. Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(B)(ii), any notice of appeal was due within 30 days of the court's disposition of the motion of reconsideration. That meant that Culton's notice of appeal was due by February 24, 2025.

Culton, however, missed the February 24, 2025, deadline. Instead, on March 7, 2025, she moved for an extension of time to notice her appeal under FRAP 4(a)(5), claiming that her failure to file within the 30-day limit resulted from "excusable neglect" on the part of lead counsel, who was nine months pregnant and preparing for maternity leave. Mot., R.64, PageID #1184. The district court denied the motion, reasoning that Culton's explanation for her tardiness "account[ed] for only *one* of Plaintiff's attorneys," when there were "*four* attorneys representing [her] in this matter—all of whom receive[d] filing notifications as counsel of record." Ord., R.67, PageID #1198 (emphasis in original).

Despite being denied an extension, Culton nonetheless filed her notice of appeal of the district court's summary judgment order, its denial of her motion for reconsideration, and its denial of her motion for an extension of time to file the notice of appeal. A prior panel of this Court determined that we lacked jurisdiction to consider Culton's appeal of the district court's denial of her motions for summary judgment and reconsideration because Culton's appeal was untimely. However, the panel determined that we do have jurisdiction over her appeal of the district court's denial of her motion for an extension of time.

Accordingly, the only issue before us on appeal is whether the district court erred in denying Culton's motion for an extension of time to file her notice of appeal.

## II. DISCUSSION

We review the district court's denial of a motion for an extension of time under FRAP 4(a)(5) for abuse of discretion, and will only reverse court's determination if we conclude that it "applie[d] the incorrect legal standard, misapplie[d] the correct legal standard, or relie[d] upon clearly erroneous findings of fact." *Getsy v. Mitchell,* 495 F.3d 295, 310 (6th Cir. 2007) (en banc) (internal quotation marks omitted); *see also Evans v. United States,* 1998 WL 598712, *1 (Aug. 28, 1998). Under this standard, the district court committed no error, and we affirm its denial of Plaintiff's motion for an extension.

"The district court may extend the time to file the notice of appeal if" the party requesting the extension "shows excusable neglect or good cause" justifying the extension. Fed. R. App. P. 4(a)(5). Plaintiff does not argue that good cause justifies her tardiness, but contends that the "excusable neglect" standard does. "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The determination of whether neglect is "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. We use a five-factor test to determine if a party's neglect is excusable, and consider: (1) "the danger of prejudice" to the nonmoving party, (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay," (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party "acted in good faith." *Pioneer*, 507 U.S. at 395.[1] In weighing these factors, we keep in mind that

---

[1] Although *Pioneer* developed this test to determine what constitutes excusable neglect under Bankruptcy Rule 9006(b)(1), we have adopted this test for FRAP 4 excusable neglect determinations. *See United States v. Thompson,* 82 F.3d 700, 701-02 (6th Cir. 1996).

excusable neglect is "a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

Plaintiff claims that the district court "failed to properly weigh these factors" and put undo emphasis on the factors that ask the court to consider the reason for the delay. Appellant Br. at 11. Plaintiff is correct that the district court focused on the reason for delay, but is incorrect that this approach was flawed. "The *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (cleaned up).

The only excuse offered by Plaintiff for her late filing is that lead counsel was nine months pregnant and preparing for maternity leave at the time the notice of appeal was due. She contends that this constitutes a "compelling personal circumstance outside of her reasonable control." Appellant Br. at 13. Plaintiff, however, had three other attorneys who appeared as counsel of record in her case, and she offers no explanation for why these attorneys missed the filing deadline. As the district court noted, all of these individuals received CM/ECF notifications alerting them to the filing deadline for the notice of appeal, and there is no indication that any factors outside of their control prevented them from meeting the deadline. The district court thus made no error in concluding that the reasons for Plaintiff's delay did not constitute the sort of "extraordinary" circumstance that merit an extension of the filing deadline. *Nicholson*, 467 F.3d at 526.

Defendant points out that several of the other *Pioneer* factors weigh in her favor. For instance, there is no indication that she acted with any bad faith in missing the filing deadline— we have no reason to doubt that this was a routine calendaring oversight. Further, the delay in this case was not egregiously long and did not result in material prejudice to Defendant or the judicial proceeding. Plaintiff filed her motion for an extension less than two weeks after the filing deadline,

and by that time, Defendant had already obtained summary judgment in its favor. This is not a situation like that in *Howard v. Nationwide Property & Casualty Insurance Co.*, where the Plaintiff's delay in responding to Defendant's motion for summary judgment left the district court with less time to consider the summary judgment motion and prepare for trial. 306 F. App'x 265, 267 (6th Cir. 2009). Defendant claims it suffered prejudice in the form of (1) being forced to engage in additional briefing in response to Plaintiff's Rule 4(a)(5) motion and (2) delaying its recovery of taxed costs from Plaintiff. But the Federal Rules of Appellate Procedure give Plaintiff the right to file a motion for an extension—that Defendant had to respond to the motion does not constitute prejudice for purposes of the *Pioneer* inquiry. And based on the record, it is not clear to us that Defendant's inability to recover taxed costs necessarily stems from Plaintiff's motion for an extension.

However, the factors that weigh in Plaintiff's favor are not enough for us to conclude that the district court abused its discretion in denying her motion for an extension. These factors "might have more relevance in a closer case." *Munoz*, 605 F.3d at 372 (cleaned up). But "the reason-for-delay factor" is the "foremost *Pioneer* consideration," and here, that factor strongly militates against granting Plaintiff's motion for an extension. *Id.* at 372–73 (quotation omitted).

### III. CONCLUSION

We thus **AFFIRM** the district court's decision to deny Plaintiff's motion for an extension of time to file her notice of appeal. Plaintiff raises additional arguments relating to the court's grant of summary judgment to Defendant, but we lack jurisdiction to consider these and thus do not address them.