**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Myron Kenyata TURMAN,
Defendant–Appellant.**

**No. 11–5643.**

United States Court of Appeals,
Sixth Circuit.

March 5, 2012.

Before: MERRITT and COOK, Circuit Judges; and COX, District Judge.*

PER CURIAM.

Myron Kenyata Turman appeals the district court's order denying his motions to reduce sentence. Finding Turman's appeal time-barred and meritless, we affirm.

In 2005, Turman pleaded guilty to distributing fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Based on his total offense level of 29 and his criminal history category of V, Turman's guidelines range of imprisonment was 140 to 175 months. He was subject, however, to a statutory mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A) based on the amount of crack cocaine involved in his crime and his prior felony drug conviction. In 2006, the district court sentenced Turman to 240 months in prison.

In March 2008, Turman filed a pro se motion to reduce sentence. In December 2008, the government moved to reduce Turman's sentence under Federal Rule of Criminal Procedure 35(b)(2) based on Tur-

---

* The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

man's substantial assistance, recommending a sentence of 192 months; Turman did not oppose the motion. In April 2009, the district court granted the government's Rule 35 motion and reduced Turman's sentence to 192 months. Turman did not appeal that sentence reduction. In 2011, Turman's counsel filed a separate motion to reduce sentence based on amendments to the sentencing guidelines and Turman's rehabilitation efforts. Construing Turman's pro se and counseled filings as motions to reduce sentence under 18 U.S.C. § 3582(c)(2)—the only procedurally proper method for requesting a sentence reduction under the circumstances—the district court denied Turman's motions to reduce sentence in May 2011, concluding that his applicable guidelines range had not been lowered by an amendment to the Sentencing Guidelines and that the Fair Sentencing Act of 2010 did not apply retroactively to Turman's case. Turman timely appealed from this judgment.

On appeal, Turman argues only that the district court violated the principles set forth in *Pepper v. United States,* —— U.S. ——, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011), by failing to consider his rehabilitation efforts in granting the government's Rule 35 motion. We have difficulty understanding this argument because the *appealed* judgment (R. 43) does not (and could not) concern a motion for a sentence reduction under Rule 35. Yet Turman's brief unequivocally requests a *Pepper* remand to correct a Rule 35 sentence reduction, and the only Rule 35 sentence reduc-

tion occurred in April 2009. (Appellant Br. at 8 (Summary of the Argument) (referring to the "Rule 35(b)(2) motion filed by the government"), 14 (Relief Sought); *see also id.* at 5 (Statement of Issues).) We may not review that judgment because the time for appeal has long since passed. *See* Fed. R.App. P. 4(b); *United States v. Dotz,* 455 F.3d 644, 647 (6th Cir.2006).

▆▆▆ To the extent that Turman argues that *Pepper* required the district court to grant his motions to reduce sentence, he does not present proper grounds for a sentence reduction. After the fourteen-day period for correcting clear sentencing errors, *see* Fed.R.Crim.P. 35(a), Rule 35 does not permit a criminal defendant to move for a sentence reduction. The district court thus correctly treated Turman's motions for sentence reductions under the rubric of 18 U.S.C. § 3582(c). That statute permits a defendant to move for a sentence reduction *only* if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." 18 U.S.C. § 3582(c)(2). While Turman asserted such a claim before the district court, citing the revised crack cocaine sentencing guidelines, the briefing supporting this appeal does not dispute the district court's resolution of that claim and thus abandons it. *E.g., O'Hara v. Brigano,* 499 F.3d 492, 498 (6th Cir.2007); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).[1] Section 3582

---

1. Amendments 706 and 711 to the sentencing guidelines reduced the base offense level for most offenses involving crack cocaine, and the sentencing commission generally has made these amendments retroactive, U.S.S.G. § 1B1.10(c). The district court nevertheless deemed Horn ineligible for a sentence reduction under U.S.S.G. § 1B1.10(a)(2)(B) & n. 1 (A) because of the effect of a statutory mandatory minimum sentence. We express no opin-

ion on the district court's resolution of this issue because Horn abandoned the issue on appeal. We also note that Horn has filed a new § 3582(c)(2) motion before the district court renewing his request for a sentence reduction under the revised crack cocaine guidelines, *see* R. 45; we likewise express no opinion as to the issues presented in that motion.

does not contemplate the lone claim arguably preserved on appeal: the relevance of rehabilitation evidence to a sentence reduction after *Pepper*. We therefore affirm the district court's denial of that claim.