NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0131n.06

No. 12-5794

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 04, 2013
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,             )
                                      )
    Plaintiff-Appellee,           )
                                      )        ON APPEAL FROM THE UNITED
v.                                    )        STATES DISTRICT COURT FOR
                                      )        THE EASTERN DISTRICT OF
ERNEST WOODRUFF,                      )        TENNESSEE
                                      )
    Defendant-Appellant.          )


Before:  MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.*


PER CURIAM.  Ernest Woodruff, a pro se federal prisoner, appeals a district court order denying his motion for leave to file a delayed direct appeal.

Woodruff pleaded guilty to three counts of aiding and abetting an armed bank robbery and two counts of brandishing a firearm in furtherance of a crime of violence.  On February 13, 2006, the district court sentenced Woodruff to a total term of 462 months of imprisonment.  Woodruff did not file a notice of appeal.  On May 18, 2012, Woodruff filed a motion for permission to file a delayed direct appeal, asserting that his attorney had not filed a notice of appeal even though he had requested that counsel do so.  The district court denied the motion, noting that the period for filing a notice of appeal had expired more than six years ago.  On appeal, Woodruff raises arguments pertaining to his convictions and sentences.  He also contends that his attorney's failure to file a notice of appeal deprived him of due process.

---

*The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

We review the denial of an extension of time in which to file a notice of appeal for an abuse of discretion. *United States v. Dotz*, 455 F.3d 644, 647 (6th Cir. 2006). The district court did not abuse its discretion because the court is authorized to extend the time for filing a notice of appeal for only thirty days following the expiration of the fourteen-day period for filing a timely notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A), (b)(4). This time had already expired when Woodruff filed his motion. Because the district court was not authorized to grant Woodruff's motion under the applicable rules of appellate procedure, it committed no abuse of discretion in denying the motion. Woodruff's substantive arguments are not properly before us because Woodruff did not timely appeal his judgment of conviction.

The district court's order is affirmed.