**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2078
_____

UNITED STATES OF AMERICA

v.

ROBERT ERIC JAMES,
a/k/a Germaine Jones
a/k/a Eric Germaine James
a/k/a Lewis Mitchell
a/k/a Kornell Jones
a/k/a Richard Nelson
a/k/a Enrique Williams
a/k/a Julian Robinson
a/k/a Corneil Jones
a/k/a Kevin Liles

Robert Eric James,
　　　　　　　　Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-07-cr-00393-001)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
January 29, 2016
_____

Before: VANASKIE, SHWARTZ, and RESTREPO, Circuit Judges.

(Filed: February 11, 2016)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

Robert Eric James was adjudged guilty of violating two conditions of his supervised release and sentenced. Fourteen days later, he filed a motion to dismiss one of the conditions he was found to have violated and requested resentencing. The District Court denied the motion. For the reasons that follow, we hold that the District Court lacked jurisdiction to act on James's motion. Accordingly, we will vacate the District Court's order and dismiss James's appeal.

I

James was charged with violating the conditions of his supervised release barring him from violating federal, state, or local law and prohibiting drug use. At James's revocation hearing on February 11, 2015, the District Court found that James violated these two conditions, revoked his release, and sentenced him to twenty-four months' imprisonment for his violation of the condition that prohibited him from violating the law, a Grade A violation, and eight months for violating the condition that prohibited drug use, a Grade C violation. On February 25, 2015, James filed a "Motion to Dismiss [the] Grade A Supervised Release Violation," claiming he lacked sufficient notice of the basis for the Grade A violation, and seeking to reduce his sentence to eight months. On April 13, 2015, the District Court denied the motion for lack of jurisdiction under Fed. R.

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

Crim. P. 35(a). On April 25, 2015, James filed a notice appealing only the District Court's order denying his motion.

## II

### A

The District Court denied James's motion to dismiss and to modify his sentence. A federal court "may not modify a term of imprisonment once it has been imposed," except in limited circumstances set forth by Congress not relevant here or under Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c). See Dillon v. United States, 560 U.S. 817, 819 (2010) (describing statutory exceptions); United States v. Spaulding, 802 F.3d 1110, 1112 (10th Cir. 2015) (describing statutory exceptions and Rule 35). Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

The District Court construed James's motion to dismiss as one brought under Rule 35(a), as it sought to reduce his sentence from twenty-four to eight months. James opposed this characterization,[1] arguing that "the essence of the motion was a request that the court reconsider its determination that [he] violated a condition of supervised release," not a request for sentencing reconsideration. Reply Br. 8; see also Appellant's Br. 16. We reject James's contention for the same reason as the trial court. As James requested sentencing relief, his motion to dismiss was properly construed as a motion to reconsider his sentence.

---

[1] In a footnote in his opening brief, James argued that he did not move under Rule 35(a) and "did not seek reconsideration of the sentence . . .," Appellant's Br. 16 n.2, but in his reply brief he urges this Court to consider his filing as a motion for reconsideration.

Congress "abrogated [the] common-law practice" of motions for reconsideration "in the sentencing context." United States v. Townsend, 762 F.3d 641, 645 (7th Cir. 2014) (construing motion for reconsideration as a Rule 35(a) motion because "[b]y statute a motion for sentence modification must be brought under Rule 35"). Therefore, "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." United States v. Dotz, 455 F.3d 644, 648 (6th Cir. 2006) (rejecting defendant's attempt to cast his Rule 35 motion as a motion for reconsideration). Accordingly, the District Court properly construed James's motion as having been made pursuant to Rule 35(a).

B

We next consider whether the District Court had jurisdiction to rule on James's Rule 35(a) motion.[2] Rule 35(a) authorizes a District Court to correct a sentence for clear error within fourteen days of orally announcing the judgment. Fed. R. Crim. P. 35(a), 35(c); see Higgs, 504 F.3d at 458-59 ("[T]he [time] limit in the Rule does not apply to counsel's motion. It is expressly in terms of the District Court's action."). This time limit is a "strict" jurisdictional requirement, Higgs, 504 F.3d at 458, "such that a district court lacks authority to act under the Rule outside this period." United States v. Miller, 594 F.3d 172, 182 (3d Cir. 2010) (citing Higgs, 504 F.3d at 458-59).

The District Court did not deny James's motion until after the fourteen-day time limit expired. Because the District Court lacked jurisdiction at the time it ruled, it should have dismissed James's motion rather than deny it on the merits. See United States v.

---

[2] We have "an obligation to inquire . . . into [our] own jurisdiction and, necessarily, into the jurisdiction of the District Court to enter the order on appeal." United States v. Higgs, 504 F.3d 456, 457 (3d Cir. 2007).

4

Washington, 549 F.3d 905, 916 (3d Cir. 2008) (district court lacked jurisdiction to vacate defendant's sentence where government moved after expiration of Rule 35(a) time limit); Higgs, 504 F.3d at 464 (district court lacked jurisdiction to deny defendant's motion for reduction of sentence after Rule 35(a) time limit expired); United States v. Shank, 395 F.3d 466, 470 (4th Cir. 2005) (district court lacked jurisdiction to deny defendant's Rule 35(a) motion five months after sentencing). Thus, the District Court's order denying the motion will be vacated for lack of jurisdiction.

## III

For the foregoing reasons, we will vacate the District Court's order dated April 13, 2015 and dismiss the appeal.[3]

---

[3] As the order appealed from will be vacated, there is nothing for us to further review. James did not appeal the February 12, 2015 judgment and any appeal of the judgment at this point would be untimely because it was not filed within fourteen days of the judgment's entry, see Fed. R. App. P. 4(b), and James's Rule 35(a) motion did not toll the time limit for filing an appeal. Fed. R. App. P. 4(b)(5) ("The filing of a motion under Federal Rule of Criminal Procedure 35(a) does not suspend the time for filing a notice of appeal from a judgment of conviction."); see also Fed. R. Crim. P. 35(a) advisory committee's note to 2009 amendment ("Extension of the period [to act on a Rule 35 motion from 7 to 14 days] will cause no jurisdictional problems if an appeal has been filed, because Federal Rule of Appellate Procedure 4(b)(5) expressly provides that the filing of a notice of appeal does not divest the district court of jurisdiction to correct a sentence under Rule 35(a).").