**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0061n.06

Case No. 13-1694

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 23, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STACY PROCTOR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| NORTHERN LAKES COMMUNITY MENTAL | ) | DISTRICT OF MICHIGAN |
| HEALTH, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | **O P I N I O N** |

---

**BEFORE: SUTTON, McKEAGUE, WHITE, Circuit Judges.**

**McKeague, Circuit Judge.** This case involves a district court's denial of a plaintiff's motion to extend time and a subsequent motion for reconsideration. The district court found neither good cause nor excusable neglect within the meaning of Federal Rule of Appellate Procedure 4 and denied both motions. For the reasons stated below, we affirm.

I.

While the facts related to this case are largely procedural, the case originated from the employment relationship between Stacy Proctor and the Northern Lakes Community Mental Health Authority, where Proctor had been a resident care aide. Following the termination of her employment, Proctor, proceeding *pro se*, filed several claims against Northern Lakes, arguing that Northern Lakes violated the Americans with Disabilities Act by failing to accommodate her disability, which related either to her having lupus or neurological challenges, as well as the

- 1 -

Employee Retirement Income Security Act and the Consolidated Omnibus Budget Reconciliation Act by failing to notify her in a timely manner of her rights concerning her health and life insurance benefits. On August 22, 2012, the District Court for the Western District of Michigan granted summary judgment to Northern Lakes on all of Proctor's claims.

On August 27, 2012, Proctor was hospitalized for three days due to an episode of ascetic meningitis that caused adverse mental and physical effects. Proctor claims that she was housebound for three weeks following the hospitalization—until September 20, 2012—due to spinal and other physical pain which compromised her mobility. Despite being housebound, Proctor left her home twice during these three weeks. First, on September 11, 2012, Proctor briefly left the house to attend a doctor's appointment and to pay some bills. Second, on September 14, 2012, she traveled by car from Cadillac, Michigan to Traverse City, Michigan to attend another doctor's appointment, a trip which she states aggravated her physical pain.[1]

Proctor states that during this time, she also experienced cognitive dysfunction that compromised her ability to read and understand documents and affected her memory. Notably, on September 6, 2012, Proctor called the district court clerk to inquire about the deadline for her appeal. The clerk referred Proctor to the Federal Rules of Appellate Procedure, which Proctor asserts that she could not understand in light of her condition. Apparently, Proctor was also confused, independently of her cognitive dysfunction, about the deadline to file her notice of appeal because of the differences between the rules before the magistrate judge and those before the district court and was unaware that she could file a notice of appeal without paying the associated fees. Ultimately, Proctor missed the 30-day deadline in which to file her notice of appeal.

---

[1]The distance between the two cities is approximately 48 miles.

On September 27, 2012, with the assistance of counsel,[2] Proctor filed a two-page motion for an extension of time to file her appeal, stating that she was not able to pay docketing fees and had been mistaken about the filing deadline rules because of her inexperience with the Federal Rules of Appellate Procedure. *See* R. 88, Pl. Mot. to Ext. Time at 1, PageID # 1020. She also included the following information: "Moreover, Plaintiff was hospitalized for aseptic meningitis for three days starting on August 27, shortly after she received the Court's final order, and was housebound for three more weeks. She suffered mobility issues caused by spinal pain and cognitive delays."[3] *Id.* at 2, PageID # 1021.

On October 3, 2012, the district court denied Proctor's motion for an extension of time, finding that she had not demonstrated good cause or excusable neglect for failing to file a timely notice of appeal. The district court determined that Proctor's ignorance of the court rules concerning filing fees and deadlines was insufficient to warrant an extension of time because ignorance of the rules was "not enough to show excusable neglect . . . where the Court repeatedly encouraged [Proctor] to retain counsel throughout the case." R. 92, 10/03/12 Dist. Ct. Order at 2, PageID # 1040 (internal citations omitted). The district court further found that there was no evidentiary support in the record for Proctor's claim of illness, nor any assertion that Proctor's illness rendered her "unable to file a notice of appeal." *Id.*

---

[2]The parties agree that Proctor eventually retained counsel, but dispute the date on which this occurred. Northern Lakes points to Proctor's affidavit in arguing that Proctor obtained counsel on August 25, 2012. *See* R. 95-1, Proctor Aff. at ¶ 37, PageID # 1059. Proctor counters that she obtained counsel on September 25, 2012, that the month listed on her affidavit was an error, and that other information in the record supports the conclusion that she in fact obtained counsel on September 25, 2012.

[3]Proctor described her medical condition as *aseptic* meningitis in her brief in support of her motion for reconsideration to the district court, but in her appellant brief, described her medical condition as *ascetic* meningitis.

On October 26, 2012, pursuant to the Western District of Michigan's Local Rule of Civil Procedure 7.4, Proctor filed a motion for a reconsideration of the district court's denial of her motion for an extension of time. This motion provided more details about how Proctor's physical and mental condition precluded her from filing a timely notice of appeal. Attached to the motion for reconsideration was an affidavit from Proctor in which she discussed her general experience with lupus and her more recent experience with meningitis and described how her medical condition precluded her from having any ability to read or remember the rules, and how it rendered her physically immobile.

On April 23, 2013, the district court denied Proctor's motion for reconsideration, finding that Proctor's motion for reconsideration merely reiterated and expanded arguments raised in her initial motion for an extension of time. The district court observed that Proctor provided the district court with no "third party medical provider affidavit documenting her medical condition and its severity, duration and impact." R. 96, 04/23/13 Dist. Ct. Order at 2, PageID # 1064. The district court further noted that Proctor's affidavit revealed that her medical condition was not so severe as to preclude her from calling the court on September 6, 2012, "well in advance of the filing deadline." *Id.* The district court also observed that Proctor's stated inability to travel to Grand Rapids for filing was not dispositive in light of the fact that Proctor could have simply mailed her notice of appeal. This appeal followed.[4]

## II.

We review a district court's denial of a motion for an extension of time to file a notice of an appeal and a motion for reconsideration for an abuse of discretion. *See Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (involving both a motion for reconsideration and a

---

[4]Proctor's notice of appeal listed the district court's April 23, 2013 denial of her motion for reconsideration but not the October 3, 2012 denial of her motion for extension of time.

motion for an extension of time to file a notice of appeal, and reviewing for an abuse of discretion); *see also Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) ("A district court's determination with respect to excusable neglect is subject to review under an 'abuse of discretion' standard."). "An abuse of discretion exists when a court commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (internal quotation marks omitted). The abuse of discretion standard is deferential and requires the reviewing court to lend credence to the district court's determinations. *See id.*

III.

Pursuant to the Federal Rules of Appellate Procedure, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A); *see also* Fed. R. App. P. 3 (discussing the notice of appeal). There are exceptions to this 30-day deadline, although in this circuit it is "well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). In the event that a party does not file a notice of appeal within the 30-day timeframe, a district court may grant a party's motion for an extension of time only if "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). As to Proctor's motion for reconsideration of the district court's denial of her motion for an extension of time, the Western District of Michigan's Local Rule of Civil Procedure 7.4 states the following:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof.

W.D. Mich. L. Civ. R. 7.4.[5] Proctor argues that the district court abused its discretion because she showed both good cause and excusable neglect as a matter of law, and that the district court further abused its discretion by "requiring" a third-party medical affidavit. We address each argument in turn.

### A.

Proctor argues that the district court abused its discretion by not finding that she had demonstrated good cause. Proctor argues that her factual demonstration of her illness constituted good cause as a matter of law pursuant to this court's decision in *Nicholson v. City of Warren*, 467 F.3d 525 (6th Cir. 2006). In *Nicholson*, we noted that "[g]ood cause will be found where forces beyond the control of the appellant *prevented* her from filing a timely notice of appeal." *Id.* at 526 (emphasis added). We further noted that a "lengthy incapacitating illness *might* constitute good cause," but we did not state that such circumstances would give rise to good cause as a matter of law, or that a district court's finding otherwise would necessarily amount to an abuse of discretion. *Id.* (emphasis added). Thus, in *Nicholson*, we upheld the district court's denial of the plaintiff's motion for an extension of time, reasoning that the plaintiff provided "no details of the duration of her medical treatment which would indicate that she had been *unable* to file a notice of appeal within thirty days of the court's order." *Id.* (emphasis added).

---

[5]Northern Lakes notes in the facts section of its brief that Proctor's notice of appeal listed only the motion for reconsideration. *See supra note 4.* Northern Lakes neither further argues nor cites to any authority regarding this fact. We note that "absent a showing of prejudice" errors concerning the sufficiency of a notice of appeal are generally treated as harmless, and Northern Lakes does not argue that it is prejudiced. *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985) ("By appealing from the district court's final order, [appellant] effectively preserved for review all of the district court's non-final rulings and orders . . ."); *see also Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) ("Motions for reconsideration of a judgment are construed as motions to alter or amend the judgment . . .").

The same reasoning applies to Proctor's case. First, as to her motion for an extension of time, while Proctor did provide some details as to the duration of her medical treatment—namely, that she was hospitalized for three days and housebound for three weeks—she failed, as noted by the district court, to assert that her medical condition itself precluded her from filing a timely appeal. Had her motion for extension of time indicated a complete inability to file due to her medical condition, Proctor would have had a stronger claim that the district court abused its discretion. Instead, her motion for an extension of time emphasized her confusion surrounding the rules regarding filing fees and the 30-day deadline and suggested that these were due to her inexperience and erroneous assumptions, a point Proctor effectively conceded in her subsequent motion for reconsideration. *See* R. 95, Pl. Mot. Reconsid. at 2, PageID # 1046 ("Plaintiff's original motion . . . had the unintended inference that her confusion over the appellate Rules was due to nothing more than her ignorance of the rules."). While the facts relating to her medical condition suggested that filing her notice of appeal was adversely affected by legitimate medical challenges, those facts did not establish that she was *unable* to file it as a result of those challenges.[6] *See id.* In light of Proctor's brief explanation of how her medical condition precluded her from filing a timely notice of appeal, we do not find that the district court abused its discretion in failing to find good cause and denying her motion for an extension of time.

Second, as to her motion for reconsideration, Proctor similarly did not reveal facts indicating that she was *unable* to file her notice of appeal, and so she failed to "demonstrate a palpable defect" in the district court's judgment. W.D. Mich. L. Civ. R. 7.4. It is true that

---

[6]Northern Lakes points to Proctor's affidavit, which asserts—erroneously, according to Proctor—that Proctor hired counsel in August rather than September. If this is the case, then Proctor's good cause argument would be further undercut. However, because her claim that the district court abused its discretion on this basis fails regardless, we find it unnecessary to determine on what date Proctor hired counsel.

Proctor disclosed more details of her medical condition in her motion for reconsideration. But even assuming that Proctor's assertion is correct—that three days of hospitalization coupled with three weeks of being housebound constitutes good cause as a matter of law, and renders a district court's finding otherwise an abuse of discretion—we observe that Proctor herself cannot meet this standard. Her affidavit reveals that she left the house on two occasions to attend doctor's appointments and to pay bills, which indicates that she was not as incapacitated as she suggests. Her factual demonstration thus does not establish good cause as a matter of law. The district court's observation that she could have mailed her notice of appeal, and its subsequent denial of her motion for reconsideration, does not amount to an abuse of discretion.

B.

Proctor also argues that she established excusable neglect as a matter of law, and therefore, the district court's denial of her two motions was an abuse of discretion. "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Nicholson*, 467 F.3d at 526; *Marsh*, 873 F.2d at 130. In this circuit, we have adopted the maxim that "[i]gnorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Nicholson*, 467 F.3d at 527 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). Proctor attempts to distinguish her case from other cases in which we have declined to find excusable neglect in the context of ignorance of the rules by arguing that this maxim is focused on preventing plaintiffs who are not diligent in learning the rules from claiming excusable neglect, and by noting that she was diligent in learning the rules in light of her medical condition.

Proctor fails to establish, however, that the district court abused its discretion on this issue regarding either her motion for an extension of time or her motion for reconsideration for

two reasons. First, we note that her contention concerning diligence did not appear in her motion for an extension of time; rather, that motion focused on her mistaken belief that she had three extra days to file her notice of appeal in light of the fact that she was proceeding *pro se*. We thus find no abuse of discretion in the district court's denial of her motion for an extension of time on the basis that ignorance of the rules does not constitute excusable neglect.

Second, we note that Proctor points to no authority to support the proposition that diligence is the focus of the maxim that ignorance does not constitute excusable neglect. She thus fails to establish that the district court abused its discretion in denying her motion for reconsideration. The cases from our sister circuits cited by Proctor establish only that a district court's finding of excusable neglect in the context of illness may withstand review for an abuse of discretion—they do not establish that a district court is compelled to find excusable neglect under such circumstances. *See, e.g.*, *Local Union No. 12004, United Steelworkers of Am. v. Massachusetts*, 377 F.3d 64, 72 (1st Cir. 2004) (noting that either the district court's grant or denial on the basis of the illness of the attorney's child would have been upheld by a reviewing court for abuse of discretion); *Gibbons v. United States*, 317 F.3d 852, 855 (8th Cir. 2003) ("While there will likely be cases where an attorney's serious illness merits relief under Rule 4(a)(5) . . . *we find no error in the district court's conclusion that this is not such a case*." (emphasis added)); *Islamic Republic of Iran v. Boeing Co*., 739 F.2d 464, 465 (9th Cir. 1984) (not finding an abuse of discretion because a counsel's illness "*may* amount to extraordinary circumstances" (emphasis added)). We thus find that Proctor demonstrated no palpable defect by which the district court should have reconsidered its judgment, and we determine that no abuse of discretion occurred.

Proctor also argues that the district court abused its discretion in not considering the excusable-neglect factors listed in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), which this court in *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996), extended to civil appeals under Federal Rule of Appellate Procedure 4. In *Pioneer*, the Supreme Court concluded that determinations of excusable neglect sound in equity and take "account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395. Relevant factors include the danger of prejudice to the other party, the length and reason for the delay—including whether it was within the party's control—and whether the party acted in good faith. *Id.* Despite providing factors, the Supreme Court noted that excusable neglect "is a somewhat elastic concept[.]" *Id.* at 392. In *United States v. Munoz*, this court noted that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." 605 F.3d at 372. We further noted that the factor provided by the party as the reason for the delay is the factor that is most critical to the excusable neglect inquiry. *See id.*

Applying that reasoning here, we find Proctor's claim that the district court failed to weigh any of the *Pioneer* considerations to be without merit. Indeed, the district court focused on the excuses given by Proctor in her motion for an extension of time—namely, that she did not understand the rules—in denying her motion. The district court also focused on the fact that Proctor did not claim that her medical condition precluded her from filing her notice of appeal, a focus which echoes the factor concerning whether the reason for delay was within the party's control. Similarly, the district court reasoned in its order denying her motion for reconsideration that Proctor "could have simply mailed the notice of appeal or request for extension" to the court during the 30-day period, reasoning that also clearly considers whether the reason for the delay was within Proctor's control. R. 96, 04/23/13 Dist. Ct. Order at 2, PageID # 1064. The fact that

the district court did not comb through each and every factor is not dispositive because the determination of excusable neglect is an elastic concept, *see Pioneer*, 507 U.S. at 392, and because not all of the factors carry equal weight in each case, *see Munoz*, 605 F.3d at 372.

C.

Finally, Proctor argues that the district court abused its discretion by "requiring" her to provide a third-party medical provider affidavit in order to demonstrate good cause or excusable neglect. But, even if requiring such information were an abuse of discretion, the district court did not require this of Proctor. It is true that the district court noted a lack of evidentiary support for Proctor's medical condition in denying her motion for an extension of time, and expressly noted the lack of such an affidavit documenting the severity, duration, and impact of her medical condition in denying her motion for reconsideration. However, in neither order did the district court rest its conclusion on the absence of such an affidavit. Rather, in her motion for extension of time, the district court focused its analysis on the reasons stated by Proctor for missing the deadline: ignorance of the rules and an inability to pay the fees. In her motion for reconsideration, in finding that Proctor was not precluded from filing her notice of appeal, the district court noted that Proctor's own affidavit revealed that she had opportunities to file the notice of appeal. We therefore do not find that the district court abused its discretion in noting the lack of such documentary evidence in denying both of Proctor's motions.

IV.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.