NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0086n.06

No. 21-5830

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 28, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| In re: PAUL DARREN SMITH, | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | ON APPEAL FROM THE |
| JAMES D. BALLINGER, | ) | BANKRUPTCY APPELLATE |
| Plaintiff-Appellee, | ) | PANEL OF THE SIXTH CIRCUIT |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL DARREN SMITH, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: SILER, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Paul Smith missed the deadline to appeal an adverse decision by the bankruptcy court, so he moved to extend the time to file an appeal. The bankruptcy court denied the motion, and the Bankruptcy Appellate Panel (BAP) affirmed. We also AFFIRM.

I.

Smith sought to discharge his debts through Chapter 7 bankruptcy proceedings. One of Smith's creditors, James Ballinger, filed a complaint seeking to have Smith's debts to Ballinger declared non-dischargeable. The bankruptcy court agreed with Ballinger and entered judgment in his favor. Smith missed the 14-day deadline to appeal the judgment to the BAP. Three weeks later, Smith sought permission to file a late notice of appeal under a bankruptcy rule that authorizes a 21-day extension if the movant can show that his failure to timely appeal was due to excusable neglect. Declarations attached to the motion to extend time indicated that Smith's trial counsel

had miscalculated the deadline to appeal by one day and had communicated that erroneous deadline to Smith and the new attorney he had retained for appeal. The bankruptcy court denied the motion, concluding that "counsel's missing the 14-day appeals deadline by one day may have constituted 'excusable neglect,' but waiting an additional three weeks before notifying the Court of his request was not." Smith appealed to the BAP, which vacated the judgment and remanded for further consideration, on the ground that the bankruptcy court had failed to fully consider whether Smith had established excusable neglect. On remand, the bankruptcy court again denied the motion. This time, the BAP summarily affirmed. Smith appeals.

## II.

A party must file an appeal within 14 days of the bankruptcy court's entry of judgment. *See* Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court has discretion to extend that deadline by 21 days "if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Generally, we review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *In re United Producers, Inc.*, 526 F.3d 942, 946 (6th Cir. 2008). But we review the bankruptcy court's ultimate refusal to extend the deadline to file an appeal under the deferential abuse-of-discretion standard. *In re Edwards*, 748 F. App'x 695, 698 (6th Cir. 2019).

Excusable neglect "is a difficult standard to satisfy." *Id.* (collecting cases). It "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court has identified factors to guide this decision, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

acted in good faith." *Id*. The reason-for-delay factor is "critical to the inquiry." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (citation omitted).

The bankruptcy court here focused primarily on the reason-for-delay factor. Relying on a long line of cases, the court concluded that Smith's attorney's miscalculation of the deadline was insufficient to establish excusable neglect. *See, e.g.*, *Pioneer*, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ."). But the court also considered other *Pioneer* factors. It recognized that although there were "no allegations or evidence of bad faith . . . , the delay was certainly within the movant's reasonable control." As for prejudice, the court noted the hardship that would befall Smith if he could not appeal the judgment but concluded that caselaw compelled Smith to suffer the consequences of his attorney's miscalculation.[1] *See id.* at 396–97 (Movants must "be held accountable for the acts and omissions of their chosen counsel."). Having weighed most of the *Pioneer* factors adversely to Smith, the bankruptcy court concluded that Smith had not shown "excusable neglect." We see no abuse of discretion in that conclusion. *See Edwards*, 748 F. App'x at 698.

Smith challenges the bankruptcy court's reason-for-delay finding, contending that the court failed to explain how it determined from the record "that the reason for delay was Counsel's failure to properly calculate the appeals deadline." Appellant Br. at 6 (citation omitted). Smith instead

---

[1] *Pioneer* lists "prejudice to the debtor" as a factor for courts to consider. 507 U.S. at 395. When *Pioneer* is read as a whole, however, the Supreme Court appears to have been worried about prejudice to the non-moving party, which in *Pioneer* was the debtor. *See Edwards*, 748 F. App'x at 698–99. "As a result, this court has repeatedly described the first *Pioneer* factor as the risk of prejudice to the non-moving party." *Id.* at 699. Here, the bankruptcy court focused on the prejudice to the *moving* party, Smith (the debtor). We have no occasion to consider whether this was error because Smith, understandably, does not argue that it was error to focus on the prejudice to him rather than to Ballinger.

posits that "a mis-communication between Counsel" was the culprit. *Id.* But the record does not suggest miscommunication. Smith's trial attorney thought that the deadline was February 27 (although the actual deadline was February 26) and clearly communicated the mistaken deadline to Smith and Smith's new attorney. The bankruptcy court's factual finding was not clearly erroneous. *See United Producers*, 526 F.3d at 946.

Smith also argues that the court failed to consider *Pioneer*'s length-of-delay factor. But a mere failure to discuss each *Pioneer* factor would not alone warrant reversal. After all, the Supreme Court has explained that excusable neglect is a "flexible" and "elastic" concept. *Pioneer*, 507 U.S. at 392, 395 n.14. And we have observed that "not all of the factors carry equal weight in each case." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459–60 (6th Cir. 2014). Perhaps recognizing this, Smith himself did not address each *Pioneer* factor in his motion to extend time. And, in any event, the bankruptcy court on remand acknowledged its prior conclusion that the length-of-delay factor *alone* warranted the denial of Smith's motion. Smith waited until the very last day to file his motion despite learning immediately that he had missed the deadline to file his appeal. So the length-of-delay factor tipped entirely in Ballinger's favor and served only to bolster the court's conclusion that Smith had failed to establish excusable neglect.

Finally, Smith contends that the court erred by addressing two of the factors (good faith and reasonable control) in only one sentence. But nowhere in his brief does Smith argue that the court improperly weighed these factors against him. Smith has given us no reason to conclude that the bankruptcy court abused its discretion in weighing the factors.

\* \* \*

We AFFIRM.