NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0585n.06

No. 25-5472

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

**FILED**
Dec 17, 2025
KELLY L. STEPHENS, Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Appellee, | ) ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| v. | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF TENNESSEE |
| RODERCUS FREEMAN, | ) |
| Defendant-Appellant. | ) OPINION |
| | ) |
| | ) |

Before: STRANCH, BUSH, and READLER, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Rodercus Freeman filed an untimely appeal. The district court then denied Freeman's motion to extend the time for taking his appeal. The district court did not abuse its discretion by denying this motion, so we **AFFIRM**.

**I.**

A jury convicted Freeman of one count of bank robbery and one count of attempted credit union robbery. Freeman then fired his attorney during a post-conviction status conference and chose to represent himself at sentencing. Three months later, on April 25, 2023, Freeman proceeded to sentencing. At the end of the sentencing hearing, the district court told Freeman that he "need[ed] to file [his] notice of appeal within 14 days." R. 114, Sentencing Hr'g Tr., PageID 1521. Freeman said that he understood. But Freeman's notice of appeal was not received by the district court and docketed until over a month later on May 30, 2023.

When the fourteen-day timer began running, Freeman was a prisoner at Shelby County Correctional Center. On May 4, 2023, prison officials began prepping Freeman for transfer. He was finally transferred to the Oklahoma City Federal Center on May 8, 2023. The record does not indicate whether Freeman knew of this transfer in advance. Freeman claims that after his transfer, he was in lockdown for some unstated number of days. And after this ended, he promptly mailed his notice of appeal on May 24, 2023, which asked for "equitable tolling" for the late filing.

We received this initial appeal and remanded to allow the district court to determine in the first instance whether an extension of time to appeal should be granted for good cause or excusable neglect. After requesting and receiving briefing on the issue, the district court denied Freeman's motion for an extension of time to file his notice of appeal. Freeman now appeals from this denial.

**II.**

We review the denial of a motion to extend the time to appeal in a criminal case for abuse of discretion. *United States v. Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022). A district court may extend the timeline for filing a late notice of appeal by thirty days with or without motion and notice "[u]pon a finding of excusable neglect or good cause" for the appellant's failure to timely file. Fed. R. App. P. 4(b)(4). The time period set forth in Rule 4(b) for filing a notice of appeal is not jurisdictional, but it is a mandatory claim-processing rule that must be enforced if raised by the government. *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam).

"Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Hills*, 27 F.4th at 1172 (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)). To examine excusable neglect, we balance four factors: (1) "prejudice to the other party," (2) "the length of the delay and potential impact on the proceedings," (3) "the reason for the delay, including whether it was within the party's reasonable

control," and (4) "whether the movant acted in good faith." *Hills*, 27 F.4th at 1172 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.,* 507 U.S 380, 395 (1993); *see also Stutson v. United States*, 516 U.S. 193, 195–97 (1996) (discussing *Pioneer's* application in criminal cases)). But these factors do not carry equal weight—"the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). Even so, the Supreme Court has said that neglect need not be "caused by circumstances beyond the control of the movant" to be excusable and a finding of sufficient innocence on the part of the movant is not a condition precedent to our obligation to consider the other equitable factors. *Pioneer*, 507 U.S. at 392, 395 n. 14.

### III.

In this appeal, Freeman argues that the district court abused its discretion by concluding that Freeman did not establish good cause or excusable neglect. Given our precedent on these issues, we have no difficulty affirming the district court.

### A.

Freeman makes two arguments for why he had good cause for his untimely notice of appeal: (1) The record does not show when he received the judgment from the district court, and (2) he had only nine days to file prior to his transfer, not fourteen, and he was entitled to the entire time. We reject each argument in turn.

Turning to the first argument. Freeman does not affirmatively state that he did not receive the judgment; he notes only that the record is unclear. Pointing to an unclear record does not "provide details about [his] prohibitive circumstance." *United States v. Douglas*, 746 F. App'x 465, 467 (6th Cir. 2018). Without these details, we cannot conclude that good cause existed on this basis.

Further, Freeman had actual notice of the judgment, even if he did not receive a physical copy of it on the day it was docketed. The district court told Freeman during the sentencing hearing that Freeman would have fourteen days to file a notice of appeal, and Freeman said that he understood. No matter when Freeman received the judgment, he knew the timeline for filing his notice of appeal. The district court did not abuse its discretion in rejecting this argument.

Turning to the second argument, *Douglas* resolves this issue. In *Douglas*, the defendant had five days between his sentencing hearing and reporting to jail. 746 F. App'x at 467. Because the defendant had those five days, he did not have "a complete inability to file" his notice of appeal, which can establish a finding of good cause. *Id.* (quoting *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 457 (6th Cir. 2014)). The defendant there, like Freeman, also failed to provide details about any prohibitive circumstances that kept him from filing. *Id.*

Freeman had nine days prior to his incarceration where he could have filed his notice of appeal. This shows that he did not have a "complete inability to file." *Id.* (citation modified). Freeman also does not explain why he could not have filed during that nine-day window. These are the exact circumstances from *Douglas*, and Freeman does not offer any reason why the result here should differ.

The grant of fourteen days, rather than nine, in Federal Rule of Criminal Procedure 4 does not change our conclusion. Freeman argues that "[t]his is no different than if retained counsel, on day 14, could not file a notice of appeal because of a computer failure." Appellant's Br. at 12. We disagree. Freeman does not make any representation that the transfer caught him by surprise or that he did not know about it in advance. His situation is more like if retained counsel, after waiting to the end of a filing window, left for a pre-planned technology-free trip abroad without filing his

appeal. We would not let this pre-planned departure justify a late notice of appeal without another reason. The same goes for Freeman.

The district court did not abuse its discretion by concluding that Freeman failed to establish good cause for his untimely notice of appeal.

**B.**

Freeman also failed to establish excusable neglect. The district court concluded that three of the excusable neglect factors favored Freeman, but that the most important factor here, the reason for the delay, cut against him. The district court did not abuse its discretion in reaching this conclusion.

The three factors that favored Freeman could have "more relevance in a closer case," but the most "critical" factor decides the issue here. *Munoz*, 605 F.3d at 372. Freeman did not explain to the district court why he failed to file his notice of appeal during the first nine days following sentencing. Nor has he given an explanation on appeal. Without a reason for the delay beyond thinking that he had a right to file his notice of appeal on the fourteenth day, we cannot conclude that the district court abused its discretion in concluding that Freeman did not establish excusable neglect. *See Hills*, 27 F.4th at 1172.

**IV.**

We therefore **AFFIRM** the decision of the district court.